UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60297-CV-COHN

DEBORAH J. TERREROS,

Magistrate Judge Snow

    Plaintiff,

vs.

MARIA M. LOURENCO, a/k/a MARIA M. CARPENTER,

    Defendant.
_____/

## ORDER GRANTING MOTION FOR A TEMPORARY RESTRAINING ORDER
## ORDER SETTING HEARING ON PRELIMINARY INJUNCTION

THIS CAUSE is before the Court upon Plaintiff's Motion for Temporary Restraining Order Against Defendant and Non-Parties Autonation, Inc. and Merrill Lynch [DE 4]. The Court has carefully considered the motion, attached exhibits, and complaint filed in this case, and is otherwise fully advised in the premises.

Plaintiff Deborah Terreros ("Plaintiff") filed this action for breach of contract and specific performance against her sister-in-law, Maria M. Lourenco ("Defendant"), to recover the funds in a retirement account of her deceased bother, Dwight C. Carpenter ("Decedent"). Plaintiff has put forth evidence that: 1) The Defendant and Decedent signed an "Antenuptial Agreement" in which each party waived any rights to retirement benefits; 2) the agreement required each party to sign a waiver to that effect; 3) The Decedent died on December 26, 2006; and 4) the Decedent has a retirement account through his employer, Autonation, Inc., for which the administrator is Merrill Lynch, and for which the designated beneficiary is the Plaintiff. Plaintiff's Motion, Exhibits A, B and C [DE 4].

In order to obtain a restraining order at this time, Plaintiff must establish the following four elements: (1) a substantial likelihood that the plaintiffs will prevail on the merits; (2) a substantial threat that plaintiffs will suffer irreparable injury if the injunction is not granted; (3) the threatened injury to plaintiffs outweighs the threatened harm the injunction may do to the defendant; and (4) granting the preliminary injunction will not disserve the public interest. Church v. City of Huntsville, 30 F.3d 1332, 1342 (11th Cir.1994).

The documents submitted by Plaintiff, though subject to later challenge by Defendant, do establish a prima facie case at this time that Plaintiff has a substantial likelihood of success on the merits of entitlement to the funds currently held in Decedent's retirement account. Plaintiff alleges that she will suffer immediate and irreparable harm if Defendant withdraws those funds as even if Plaintiff can ultimately recover the amount of the funds, she will forever lose the tax benefits that are associated with a retirement account (i.e., deferred taxation). This threatened injury does outweigh any harm to Defendant of temporarily restraining withdrawal of those funds. Finally, there is no disservice to the public interest of restraining withdrawal until ownership of the retirement account is determined.

In addition to the four requirements for an injunction, pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, to obtain an *ex-parte* temporary restraining order, a party must show: 1) immediate and irreparable harm from specific facts by affidavit; and 2) "the reasons supporting the claim that notice should not be required." The Court

notes that Plaintiff does not expressly ask for *ex-parte* relief.[1]  Plaintiff asserts in her motion that she has attempted to serve Defendant at an address in California, but has been unable to so to date.[2]  In her affidavit, Plaintiff expresses fear that Defendant could withdraw the money and leave the United States, as Defendant is not apparently a U.S. citizen at this time.  The Court concludes that at this point, it is appropriate to allow a temporary restraining order against Defendant, despite the lack of service upon her of the Complaint in this action.

As to non-parties Autonation, Inc. and Merrill Lynch, these parties' interest is as fiduciary or administrator under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002 (16) or (21).  These parties do not have their own interest in the retirement account in issue, and presumably would welcome Court direction as to the proper distribution of funds in that account.  The Court therefore finds no harm to these third parties by issuance of this temporary restraining order.

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. Plaintiff's Motion for Temporary Restraining Order [DE 4] is hereby **GRANTED**;

2. Non-parties Autonation, Inc. and Merrill Lynch, their subsidiaries, directors, officers, agents, escrow agents, trustees, servants, employees, attorneys, accountants and those persons acting in concert or participation with them, are

---

[1] The Court hereby notifies all with interest in this matter that the Plaintiff's motion is being treated as both a motion for temporary restraining order, and a motion for preliminary injunction.  A temporary restraining order typically only lasts for ten (10) days.

[2] Plaintiff's counsel states that he has been in contact with a Florida attorney who claims to represent the Defendant.

3

hereby restrained from disbursing any funds from the 401(k) account of Dwight C. Carpenter, Employee # 001680 (Plan # 200175);

3. This restraining order shall expire at 6:00pm on Wednesday, April 17, 2007;

4. A preliminary injunction hearing is hereby set for Wednesday, April 17, 2007 at 3:15pm in Courtroom 203E of the United States Courthouse, 299 E. Broward Blvd., Fort Lauderdale, Florida. Argument and/or testimony may be presented;

5. Plaintiff shall immediately serve this TRO and all filings in the case upon Defendants, any known counsel for Defendants, non-parties Autonation, Inc. and Merrill Lynch, and any known counsel for these non-parties;

6. Failure to immediately serve this TRO on the appropriate persons may result in expiration of the temporary restraining order;

7. Defendants and non-parties shall file a response to the Motion by 12 noon on Monday, April 16, 2007;

8. All filings in this case shall be done electronically, subject to the Administrative Procedures of the Southern District of Florida. See www.flsd.uscourts.gov.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 5TH day of April, 2007 at 1:45 pm.

JAMES I. COHN
United States District Judge

Copies furnished to:

Franklin Zemel, Esq./Jason Gordon, Esq.